UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MOOMAW and ) | CIVIL ACTION NO. 13-12041 |
| JANIS MOOMAW ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| BOSTON BOAT III, LLC and WATER ) | |
| TRANSPORTATION ALTERNATIVES, INC. ) | |
|     Defendants ) | |

## INTRODUCTION

1. This is an action for maritime personal injuries which occurred on or about July 5, 2012, while Plaintiffs Robert and Janis Moomaw were aboard their motor yacht, M/Y WATER RANCH. A ferry, M/V ISLAND ADVENTURE, allided with plaintiffs' yacht. M/V ISLAND ADVENTURE was owned by the Defendant, Boston Boat III, LLC and operated by the Defendant, Water Transportation Alternatives, Inc. The Plaintiffs assert a cause of action against the Defendants for personal injuries based upon negligence brought under the General Maritime Law.

## JURISDICTION

2. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

## THE PARTIES

3. The Plaintiff, Robert Moomaw, is of legal age and resides at P.O. Box 3010, Pagosa Springs, Colorado.

4. The Plaintiff, Janis Moomaw is of legal age and resides at P.O. Box 3010 Pagosa Springs, Colorado.

5. The Defendant, Boston Boat III, LLC, is a limited liability company organized under the

laws of Massachusetts with a principal office at 116 East Howard Street Quincy, Massachusetts 02169.

6. The Defendant, Water Transportation Alternatives, Inc. is a Massachusetts corporation with a principal office at 116 East Howard Street, Quincy, MA 02169.

## FACTUAL ALLEGATIONS

7. On or about July 5, 2012 the Plaintiffs were aboard their yacht, M/Y WATER RANCH, which was moored at the Marriot Long Wharf in Boston, MA.

8. The Plaintiffs sustained serious personal injuries when, due to the negligence of the defendants, their agents, servants, and/or employees, the M/V ISLAND ADVENTURE allided with the M/Y WATER RANCH.

## COUNT I
### GENERAL MARITIME LAW- NEGLIGENCE
(Robert Moomaw v. Boston Boat III, LLC.)

9. Paragraphs 1-8 are realleged and incorporated herein.

10. The injuries sustained by the Plaintiff Robert Moomaw were no fault of his own, but were caused by the negligence of the Defendant in that the Defendant had a duty to avoid allisions by maintaining the M/V ISLAND ADVENTURE in safe operating condition, and operating the M/V ISLAND ADVENTURE in a safe manner and in compliance with the Rules of Navigation. The Defendant breached that duty causing injuries to the plaintiff.

11. As a result of the said injuries, the Plaintiff Robert Moomaw has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

12. This cause of action is brought for negligence under the General Maritime Law.

REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

**COUNT II**
GENERAL MARITIME LAW- NEGLIGENCE
(Janis Moomaw v. Boston Boat III, LLC.)

13. Paragraphs 1-12 are realleged and incorporated herein.

14. The injuries sustained by the Plaintiff Janis Moomaw were no fault of her own, but were caused by the negligence of the Defendant in that the Defendant had a duty to avoid allisions by maintaining the M/V ISLAND ADVENTURE in safe operating condition, and operating the M/V ISLAND ADVENTURE in a safe manner and in compliance with the Rules of Navigation. The Defendant breached that duty causing injuries to the Plaintiff.

15. As a result of the said injuries, the Plaintiff Janis Moomaw has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

16. This cause of action is brought for negligence under the General Maritime Law.

REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

**COUNT III**
GENERAL MARITIME LAW- NEGLIGENCE
(Robert Moomaw v. Water Transportation Alternatives, Inc.)

17. Paragraphs 1-16 are realleged and incorporated herein.

18. The injuries sustained by the Plaintiff Robert Moomaw were no fault of his own, but were caused by the negligence of the Defendant in that the Defendant had a duty to avoid allisions by maintaining the M/V ISLAND ADVENTURE in safe operating condition, and operating the M/V ISLAND ADVENTURE in a safe manner and in compliance with the Rules of Navigation. The Defendant breached that duty causing injuries to the Plaintiff.

19. As a result of the said injuries, the Plaintiff Robert Moomaw has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

20. This cause of action is brought for negligence under the General Maritime Law.

REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

**COUNT IV**
GENERAL MARITIME LAW- NEGLIGENCE
(Janis Moomaw v. Water Transportation Alternatives, Inc.)

21. Paragraphs 1-20 are realleged and incorporated herein.

22. The injuries sustained by the Plaintiff Janis Moomaw were no fault of her own, but were caused by the negligence of the Defendant in that the Defendant had a duty to avoid allisions by maintaining the M/V ISLAND ADVENTURE in safe operating condition,

and operating the M/V ISLAND ADVENTURE in a safe manner and in compliance with the Rules of Navigation. The Defendant breached that duty causing injuries to the Plaintiff.

23. As a result of the said injuries, the Plaintiff Janis Moomaw has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

24. This cause of action is brought for negligence under the General Maritime Law.

## REQUEST FOR RELIEF

1. Under Count IV, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
By his attorney,

\_\_/s/ Thomas M. Bond_____
Thomas M. Bond, B.B.O. No. 546649
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
tbond@kaplanbond.com

Dated: August 23, 2013